IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMANDA JANE SAULNIER )
)
    Plaintiff, )
)
-vs- ) Civil Action 19-312
)
ANDREW M. SAUL, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Amanda Jane Saulnier ("Saulnier") brought this action for review of the final decision of the Commissioner of Social Security finding her no longer disabled within the meaning of the Social Security Act. Specifically, on September 2, 2014, the Agency determined that Saulnier, who had been adjudged disabled as of September 24, 2008, was no longer disabled because her health had improved. (R. 16) This decision was upheld upon reconsideration. (R. 121-141) Saulnier requested a hearing before an Administrative Law Judge ("ALJ"). Following a hearing where Saulnier, who was represented by counsel, testified as did a vocational expert ("VE"), the ALJ concluded that Saulnier's medical impairments had improved and that she was not disabled as of September 2, 2014. (R. 32-61) The Appeals Council denied Saulnier's request for review. She then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 8 and 10.

### Opinion

1

1. <u>Standard of Review</u>

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery*

*Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

To be eligible for social security benefits, the plaintiff must demonstrate that he / she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986). In cases involving a continuing disability review ("CDR"), entitlement to benefits will be reviewed periodically. 20 C.F.R. §§ 404.1594, 416.994. A beneficiary is no longer entitled to benefits where his / her medical condition improves to the extent that he / she can engage in substantial gainful activity. *Id.* Medical improvement is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, and / or laboratory findings associated with your impairment(s)." *Id.* at §§ 404.159(b)(1), 416.994(b)(1)(i). "When new evidence showing a change in signs, symptoms and laboratory findings establishes that both medical improvement has occurred and your functional capacity to perform

3

basic work activities, or residual functional capacity, has increased, we say that medical improvement which is related to your ability to do work has occurred." *Id.* at §§ 404.1594(b)(4)(i), 416.994(b)(iv)(A). Finally, the ALJ will consider whether the beneficiary is able to engage in substantial gainful activity. *Id.* at §§ 404.1594(b)(5), 416.994(b)(v).

The Social Security regulations provide an ALJ with an eight-step inquiry designed to evaluate whether a claimant remains disabled. 20 C.F.R. § 404.1594(f). The claimant bears the burden of proof through the first seven steps. Thus, the claimant must "'introduce evidence that his or her condition remains essentially the same as it was at the time of the earlier determination.'" *Hagans v. Commissioner of Soc. Sec.*, 694 F.3d 287, 308 (3d Cir. 2012), *quoting, Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984). The Commissioner bears the burden at the eight step to "present evidence that there has been sufficient improvement in the [claimant's] condition to allow the [claimant] to undertake gainful activity." *Hagans*, 694 F.3d at 308, *quoting, Early*, 743 F.2d 1002, 1007 (3d Cir. 1984) (internal quotation marks omitted). At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity above the residual functional capacity. If so, then the disability has ended. See *Hagans v. Commissioner of Soc. Sec.*, 694 F.3d 287, 307 (3d Cir. 2012). At step two, the ALJ assesses whether the claimant has an impairment or combination of impairments which meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, then the disability continues. *Hagans*, 694 F.3d at 307. At step three, the ALJ considers whether there has been a medical improvement in the claimant's condition. *Id.*, at 307. If there has been an improvement, the ALJ proceeds to step four. If not, the analysis

4

proceeds to step five. *Id.* At step four, the ALJ determines whether the medical improvement found in step three relates to the claimant's ability to do work. If so, the analysis continues at step six. If not, the analysis proceeds to step five. *Id.* At step five, the ALJ considers whether one of two sets of exceptions to medical improvements apply. 20 C.F.R. § 404.1594(f)(5) The first exception provides that claimant should no longer be considered disabled where (1) substantial evidence shows that the claimant is the beneficiary of advances in medical or vocational therapy or technology related to the claimant's ability to work; (2) substantial evidence shows that the claimant has undergone vocational therapy related to his / her ability to work; (3) substantial evidence shows that based on new or improved diagnostic or evaluative techniques the claimant's impairments are not as disabling as considered at the time of the most recent favorable decision; (4) substantial evidence demonstrates that any prior disability was in error; or (5) the claimant is currently engaging in substantial gainful activity. *Id.*, § 404.1594(d)(1)-(5) The second exception applies when: (2) the prior decision was fraudulently obtained; (2) the claimant does not cooperate; (3) the claimant cannot be found; or (4) the claimant fails to follow the prescribed treatment that would be expected to restore his / her ability to engage in substantial gainful activity. If none of the exceptions apply, then the disability benefits continue. If, however, one of the first exceptions apply, analysis continues at step six. If one of the second exceptions apply, benefits will end. *Hagans*, 694 F.3d at 307. At step six, the ALJ considers whether the claimant's impairment(s) are severe. 20 C.F.R. § 404.1594(f)(6) If the claimant's "current impairments in combination do not significantly limit [his / her] physical or mental abilities to do basic work[1] activities," then those impairments will be deemed to

---

[1] Basic work is defined as "the abilities and aptitudes necessary to do most jobs … such as walking, standing,

5

be "not severe." *Id*. However, where a significant limitation is found, then the analysis proceeds to the next step. *Id*. At the seventh step, the ALJ will consider the claimant's current ability to perform his / her past relevant work. *Id*, § 404.1594(f)(7). An ability to perform past relevant work precludes benefits. If the claimant cannot perform past relevant work, the analysis proceeds to the last step. At step eight, the ALJ evaluates the claimant's ability to perform other work in the national economy, considering the claimant's RFC, age, education and past work experience. *Id*, § 404.1594(f)(8) and *Hagans*, 694 F.3d at 308.

II. The ALJ's Decision

Here, at step one, the ALJ determined that Saulnier had not engaged in substantial gainful activity. (R. 18) At step two, the ALJ concluded that, since September 2, 2014, Saulnier has had the following medically determinable impairments: degenerative disc disease, obesity, left patellofemoral syndrome, fibromyalgia and bipolar disorder. (R. 18) The ALJ found that those impairments, considered singly or in combination, do not meet or medically equal the severity of a listed impairment. (R. 18-20) At the third step, the ALJ found that medical improvement had occurred on September 2, 2014. (R. 20-21) At the fourth step, the ALJ concluded that those impairments "decreased in medical severity to the point where the claimant has had the residual functional capacity to perform sedentary work" with certain exceptions. (R. 21) Skipping to the sixth step, the ALJ found that Saulnier continues to have a severe impairment or combination of impairments. (R. 2122) At the seventh step, the ALJ concluded that Saulnier is unable to perform her past relevant work. (R. 25) Finally, at

---

pushing, pulling, reaching and carrying, … seeing, hearing, speaking, remembering, using judgment, dealing with changes and dealing with both supervisors and fellow workers." *Id*, at § 404.1594(b)(4)

the eight step, the ALJ concluded that, considering her age, education, work experience, and RFC based upon the impairments present since September 2, 2014, Saulnier has been able to perform a significant number of jobs in the national economy. (R. 25-26)

 III. Discussion

Saulnier challenges the ALJ's findings that her physical and mental conditions medically improved by September 2, 2014. She also contends that the ALJ erroneously failed to consider her attempt to return to work. Additionally, Saulnier finds fault with the hypothetical questions. Throughout her brief, and in support of each of these arguments, Saulnier points to evidence which she contends supports her position that the award of benefits should have been continued. Yet the question before me is not:

> whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings…. Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of Health & Human Services*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing, Richardson v. Perales*, 402 U.S. 389, 401) (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Hundley v. Colvin*, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016). Consequently, Saulnier's arguments in this respect are not convincing.

 A. Physical and Mental Impairments

Saulnier challenges the ALJ's findings that her physical and mental impairments had improved by September 2, 2014. Saulnier points to her testimony that she is very limited in sitting, standing, walking, lifting and carrying due to pain and that her pain medications cause her to be very tired. *See* ECF Docket No. 9, p. 13. Saulnier insists

7

that "[n]othing in this testimony supports a finding that Ms. Saulnier has enjoyed physical improvement when compared to Judge Kooser's Comparison Point Decision…." *Id.*, p. 13. Yet the ALJ found Saulnier's complaints of pain were not entirely consistent with the objective medical evidence. For instance, she noted that Saulnier has only pursued treatment with a pain management physician and such treatment occurs only at two to three month intervals. (R. 23) During these exams Saulnier consistently "denied symptoms of mental confusion, sedation, and medication side effects and endorsed that medication was helpful for pain." (R. 23) The ALJ also pointed to lumbar imaging which are unremarkable in general and which show only mild disc space narrowing, mild foraminal narrowing and central canal decompression at L4-S1. (R. 23) The ALJ observed that, despite Saulnier's complaints of severe pain, "she consistently demonstrated no acute distress or overt pain behaviors; a well appearance; lumbar tenderness to palpitation; unassisted ambulation with a slightly antalgic to normal gait; ability to sit comfortably and arise from a seated position without difficulty; negative straight leg raise and Spurling testing; and 5/5 extremity strength with intact sensations and reflexes from August 2014 through July 2017." (R. 23, *citing* Exhibits B2F, B8F, B12F, B14F, and B18F). The ALJ also cited to imaging studies of Saulnier's left knee that revealed minimal spurring. (R. 23) With respect to her fibromyalgia, the ALJ noted that, except for a single office note of rhomboid tenderness in July 2016, physical examinations have not shown any associated tender points through December 2016. (R. 23, *citing*, Exhibits B2F, B8F, B12F, B14F and B18F). Further, although Saulnier complains of fatigue and brain fog, the ALJ found that "she consistently denied mental confusion and sedation to treating providers and demonstrated a normal mental

8

status with alert, oriented, and engaging behavior, and appropriate appearance, speech, eye contact, language, sensorium, judgment, insight, mood, affect, intellectual functioning, attention, concentration, memory, and thought processes without distraction, preoccupations, flight of ideas, or loose associations from August 2014 through July 2017." (R. 24, *citing*, Exhibits B2F, B3F, B8F, B12F, B13F, B14F, B15F, B17F and B18F). The ALJ also noted that no treating or examining source authored an opinion indicating that Saulnier had mental impairments since the date of cessation. (R. 19) Additionally, the ALJ observed that Saulnier has not required psychiatric hospitalization or psychotropic medication since the date of cessation, nor has she pursued formal mental health treatment with a psychiatrist, psychologist or mental health counselor. (R. 19) Further, mental status examinations proved unremarkable. (R. 19, *citing* Exhibits B2F, B3F, B8F, B12F, B13F, B14F, B15F, B17F and B18F). The ALJ also found that the state agency psychologists found that Saulnier had no more than mild functional limitations related to her mental impairments. (R. 20) Consequently, I find that substantial evidence of record supports the ALJ's findings regarding improvements to Saulnier's physical and mental impairments.

B. Return to Work

Saulnier contends that the ALJ failed to fairly evaluate her attempt to return to work. Saulnier worked with GetGo for a few months in 2013 making sandwiches. (R. 137, 229) Although conceding that the position did not constitute "past relevant work," Saulnier faults the ALJ for failing to question her about the job during the hearing. *See* ECF Docket No. 9, p. 19. She further contends that her unsuccessful attempt to return

9

to work should have been considered because it supports her contention that she had not experienced medical improvement.

Her argument is unpersuasive. In short, Saulnier does not cite to any case law suggestive of an error on the ALJ's part. Neither does she cite to any record evidence from her attempt to return to work which indicates that the ALJ's findings are not supported by substantial evidence of record. Further, contrary to Saulnier's suggestion, the ALJ did consider the attempted return to work in 2013 because she referenced the documented earnings in that year. (R. 18) I reject any suggestion that the ALJ was under a duty "to more fully develop an understanding" of Saulnier's limitations. *See* ECF Docket No. 9, p. 19-20. Unlike in cases where the claimant is proceeding pro se, Saulnier was represented by counsel in this proceeding. The RFC formulated by the ALJ is supported by substantial evidence of record and details Saulnier's limitations. Consequently, I find no basis for remand.

C. Hypotheticals

Saulnier also complains of the ALJ's consideration of the VE's responses to hypotheticals. Specifically, when the ALJ queried whether a person, of Saulnier's age, education, and work experience, able to perform sedentary exertional level subject to certain restrictions, would be able to find employment if that person required breaks in the morning and afternoon of approximately 20 minutes each, the VE responded that she would not. (R. 56-59) Saulnier contends that the ALJ should have adopted this hypothetical and answer because Saulnier's testimony supported it. That the ALJ may have posed hypotheticals which set forth the limitations which Saulnier proposes is not determinative. "Simply because a hypothetical was posed, does not mean that there

10

was sufficient evidence to support it; the ALJ ultimately relies upon only credible, medically established limitations." *Menuto v. Astrue*, Civ. No. 11-264, 2012 WL 2594339, at * 9 (W.D. Pa. June 13, 2012) (citations omitted). It is well-settled that the law only requires an ALJ to include in hypotheticals posed to vocational experts those limitations which are supported by the record. *See Podedworny v. Harris*, 754 F.2d 201, 218 (3d Cir. 1984) and *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the RFC adequately reflects Saulnier's impairments The ALJ posed a question to the VE which accurately encompassed these impairments and the VE responded that there exist jobs in significant numbers within the national economy that Saulnier can perform. As such, I find no reason to remand on this basis.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA JANE SAULNIER | ) | |
|     Plaintiff, | ) | |
| | ) | |
|  -vs- | ) | Civil Action No. 19-312 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
|     Defendant. | ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 30th day of January, 2020, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 10) is GRANTED and the Motion for Summary Judgment (Docket No. 8) is DENIED.

                                              BY THE COURT:

                                              /s/ Donetta W. Ambrose
                                              Donetta W. Ambrose
                                              United States Senior District Judge